

FILED

**April 28, 2016**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 3:03 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **TYRONE HOLDER,** | ) | |
| **Employee,** | ) | **Docket No. 2015-06-0840** |
| | ) | |
| **v.** | ) | **State File No. 68992-2015** |
| | ) | |
| **KYOWA AMERICA CORP.,** | ) | **Judge Joshua Davis Baker** |
| **Employer,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **MITSUI SUMITOMO INSURANCE** | ) | |
| **CO. OF NORTH AMERICA,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

This matter came before the Court on a Request for Expedited Hearing filed by the employee, Tyrone Holder, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. Holder seeks temporary disability benefits, medical benefits, and reimbursement for out-of-pocket medical expenses from his employer, Kyowa America. The central issue at this time is whether Mr. Holder is likely to succeed at a hearing on the merits in proving he suffered a workplace injury. For the reasons set forth below, the Court finds Mr. Holder is unlikely to succeed and, therefore, denies his request for workers' compensation benefits.[1]

### Claim History

This claim concerns an accident in a manufacturing plant. Mr. Holder is a forty-one-year-old resident of Robertson County, Tennessee, who worked for Kyowa, an automotive parts manufacturer. In his affidavit, Mr. Holder alleged he fell at work on

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

August 27, 2015, while loading scrap into a box. (Ex. 2.) After falling, Mr. Holder received emergency care at Hendersonville Medical Center in Portland, Tennessee. According to the treatment notes, Mr. Holder told the medical providers his "right leg gave out" and he twisted his right ankle and knee when he tried to stop his fall. (Ex. 1.) Similarly, the medical history notes from an August 31, 2015 visit to Crossroads Medical Group contain the following: "He reports he was putting scraps in a box and his leg gave way on him. He reports he grabbed the box causing his foot to slip inward."

Kyowa's workers' compensation insurance carrier denied the claim on September 3, 2015, citing the idiopathic nature of the accident as grounds for denial. (Ex. 7.) The same day, Kathy Scott, human resources manager for Kyowa, filled out a short-term disability claim form for Mr. Holder that indicated his injury was not work-related. (Ex. 5.) Despite the indication his injury was not work-related, the insurer denied Mr. Holder's short-term disability claim. (Ex . 2.)

After both his workers' compensation claim and claim for short-term disability were denied, Mr. Holder filed a Petition for Benefit Determination. (T.R. 1.) The parties were unable to settle the claim at mediation and the mediator issued a Dispute Certification Notice. (T.R. 2.) Thereafter, Mr. Holder filed a Request for Expedited Hearing seeking temporary disability and medical benefits (Ex. 3). This Court convened an evidentiary hearing on April 26, 2016.

Prior to the evidentiary hearing, an email exchange between the mediator and Kathy Robbins, the insurance adjuster assigned to the case, indicated Mr. Holder alleged he tripped over a pallet on the day of injury. (Ex. 8.) When Mr. Holder testified at the hearing concerning the cause of his accident, he stated he did not know if he caught his toe on the edge of the pallet. On cross-examination, however, he agreed the descriptions of his leg giving way, as contained in the First Report of Injury and the medical records, were correct. He further testified there were no wet spots on the plant floor in the area where the accident occurred.

After Mr. Holder completed his case, Kyowa called Ms. Scott to the stand. She testified she spoke with Mr. Holder the day after the accident and he told her his leg had given way. He did not mention slipping on a pallet. Ms. Scott further testified she inspected the area where the accident occurred and found no wet spots or hazards. Ms. Robbins also testified for Kyowa and stated Mr. Holder told her during a phone interview that he had not "struck anything" on the date of the accident. (*See also* Ex. 9.)

## Findings of Fact and Conclusions of Law

Mr. Holder seeks temporary disability and medical benefits. His entitlement to those benefits requires him to prove he would likely succeed at a hearing on the merits in proving he suffered a compensable injury. *See* Tenn. Code Ann. § 50-6-239(d)(1)

2

(2015); *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). For the following reasons, the Court finds Mr. Holder unlikely to succeed at a hearing on the merits because the evidence shows he suffered an idiopathic injury.

In order for an injury to be compensable, it must have been accidental. Under the Tennessee Workers' Compensation Law, an injury is accidental "only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence[.]" Tenn. Code Ann. § 50-6-102(14)(A) (2015). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" *Id*. at (14)(B).

Just because an accident occurred on the employer's physical premises does not automatically render any injury suffered compensable under workers' compensation. It is well established that the mere presence of the employee in the workplace at the time the injury occurs does not establish that the injury arose out of the employment. Instead, the injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work. *Thornton v. RCA Serv. Co.*, 221 S.W.2d 954, 955 (Tenn. 1949).[2] For example, an employee who fell at work due to a pre-existing spinal condition that caused his legs to tire and go numb was denied recovery. *See Greeson v. Am. Lava Corp.*, 392 S.W.2d 931, 935 (Tenn. 1965). Also, "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle or step, in addition to the injured employee's ambulation." *Wilhelm v. Krogers*, 235 S.W.3d 122, 128-29 (Tenn. 2007). In short, idiopathic injuries—those with an "unexplained origin or cause"—do not arise out of the work unless there is "some condition of the employment that presents a peculiar or additional hazard." *Veler v. Wackenhut Servs., Inc.*, 2011 Tenn. LEXIS 78, at *9 (Tenn. Workers' Comp. Panel 2011).

The thrust of Mr Holder's argument for compensability is that his accident occurred at work. Although the accident occurred on Kyowa's property, however, the testimony from all witnesses conclusively showed Mr. Holder's accident did not involve an employment hazard such as a wooden pallet or slippery floor. Furthermore, Mr.

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court, "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

Holder even agreed that the accident descriptions stating his leg "gave way" contained in the medical histories and the First Report Injury were correct. In short, all the evidence showed that Mr. Holder's right leg simply gave way, without foreign stimulus or employment hazard. Accordingly, the Court finds Mr. Holder's injury was idiopathic in nature and, therefore, not compensable. *See Wilhelm*, 235 S.W.3d at 128-29. Accordingly, his claim for temporary disability, medical benefits and medical bill reimbursement is denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Holder's claim for temporary disability, medical benefits, and reimbursement of out-of-pocket medical expenses is denied on the grounds of compensability.

2. This matter is set for an Initial (Scheduling) Hearing on June 13, 2016, at 9:30 a.m. (CDT).

**ENTERED this the _28th_ day of April, 2016.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

Initial Hearing:

An Initial (Scheduling) Hearing has been sent for **June 13, 2016, at 9:30 a.m. Central Time** with **Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call 615-741-2113 or toll free at 855-874-0474 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).</u>**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2.  File the completed form with the Court Clerk within seven business days of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3.  Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4.  The appealing party is responsible for payment of a filing fee in the amount of $75.000. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5.  The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the clerk of the Appeals Board.

6.  If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# **APPENDIX**

Exhibits:

1. Medical Records
2. Affidavit of Tyrone Holder
3. First Report of Injury
4. Wage Statement
5. Short-term Disability Claim Form
6. Photographs of Kyowa Plant
7. Notice of Claim Denial C-23
8. Email Correspondence
9. Transcript of Telephone Interview

Technical Record:[3]

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Kyowa's Response dated November 20, 2015
5. Kyowa's Supplemental Response dated February 16, 2016
6. Tyrone Holder's Initial Statement of Claim
7. Kyowa's Witness and Exhibit List
8. Kyowa's Supplemental Exhibit List

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 28th day of April, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Tyrone Holder | X | | X | 4555 Jernigan Road<br>Cross Plains, TN 37049<br>Christywashington94@gmail.com |
| Jeffrey C. Taylor | | | X | jeff@taylorlawfirmtn.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**